**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **DON R. WHITFILL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 09-1063-KMH |
| ) | |
| **GOVERNMENT EMPLOYEE** ) | |
| **INSURANCE COMPANY,** ) | |
| ) | |
| **Defendant,** ) | |
| ) | |
| ) | |

## **MEMORANDUM AND ORDER**

A conference was conducted on April 6, 2010 to address defendant's motion in limine (Doc. 41) and other issues related to the jury trial scheduled to commence on April 13, 2010. Plaintiff appeared through Travis Burk and defendant appeared through Brooks Kancel. This order memorializes the rulings on the motion in limine and the parties' trial briefs.

**1. Law Enforcement Accident Report**

Defendant moves to preclude the accident report prepared by law enforcement, arguing: (1) the report is inadmissible hearsay and (2) liability for the vehicle collision is not in dispute; thus, the report is irrelevant. Plaintiff agrees that the report is irrelevant because liability concerning the collision is not in dispute. More importantly, plaintiff does not object to an order granting defendant's motion concerning the accident report. Accordingly,

defendant's motion in limine concerning the accident report is **GRANTED.** The accident report shall not be discussed or mentioned in any form or fashion in the presence of the jury.

**2. Biofeedback Machine and Training**

On March 1, 2010, plaintiff provided defendant with a spreadsheet showing an itemization of the medical expenses which he claims are related to his injuries. Included in the spreadsheet are a $20,695.00 expense for the purchase of a biofeedback machine in October 2005 and a $2,236.36 expense for training to operate the biofeedback machine. Defendant seeks to exclude evidence of the biofeedback expenditures, arguing (1) the disclosure was untimely and (2) there is no medical evidence establishing plaintiff's need to purchase the machine.

With respect to the issue of untimely disclosure, defendant asserts that plaintiff provided numerous medical bills and records during the course of this case in support of his claims and that defendant relied on those documents in assessing plaintiff's damage claim. None of the materials provided by plaintiff included a prescription, invoice, receipt or any other documentation evidencing the purchase of a biofeedback machine and defendant was unaware plaintiff was claiming the purchase of the biofeedback machine and training as medical expenses until receipt of the spreadsheet in March 1, 2010. The spreadsheet was provided after the close of discovery and entry of the final pretrial order.

Plaintiff counters that defendant learned during his deposition that he had purchased

a biofeedback machine in October 2005.[1] With respect to documentation, plaintiff conceded during the in limine conference that he had not yet located or produced any documentation supporting his claimed expenditures and that he "probably" would not pursue payment for such expenses if he failed to locate and produce documents evidencing the purchase and training before trial.

The court agrees that the spreadsheet disclosure of the biofeedback machine as a claimed medical expense is untimely. The biofeedback machine and related training were apparently purchased in October 2005 yet plaintiff waited until March 1, 2010 to disclose that he was claiming the two expenditures as medical expenses related to the accident. Moreover, documentation evidencing the expenditures has yet to be produced and production is clearly untimely at this time.

Equally important, there is no evidence or testimony to establish that plaintiff's purchase of a biofeedback machine was a reasonable and necessary medical expense related to the motor vehicle accident. Aside from plaintiff's testimony that he bought the machine "primarily for my own use because I have all this anxiety, panic attacks," there is no medical evidence that biofeedback *treatments* were necessary, let alone a $20,000 purchase of a

---

[1] The biofeedback machine was briefly discussed during the plaintiff's deposition. However, defendant's inquiry was related to plaintiff's *income* rather than details concerning the purchase of machine. Apparently, plaintiff earned income from providing biofeedback "treatment" to others for a period of time and defendant's questions focused on a mitigation defense and whether plaintiff was earning income from a business.

-3-

machine.² Because the disclosure was untimely and there is no evidence that the purchase of the machine and related training was medically necessary, defendant's motion in limine concerning the biofeedback machine is GRANTED. Evidence concerning the purchase of the biofeedback machine and training shall be exclude from the trial.

**3. Medicare Writeoff**

The issue of the treatment of "Medicare writeoffs" as part of plaintiff's claim for medical expenses is the subject of the parties' trial briefs and defendant's motion in limine. Plaintiff contends that (1) he is entitled to present evidence and recover the *total* amount billed by his medical providers and (2) defendant is precluded by the "collateral source doctrine" from presenting evidence of "Medicare writeoffs." Defendant counters that plaintiff's medical expenses are limited to the amount actually "owed" and that the Medicare writeoffs are not excluded by the collateral source doctrine.

---

² Dr. Kragh briefly explained in his deposition what a biofeedback machine "is" and that biofeedback treatment can be a "medically beneficial tool." Dr. Kragh also added:

> And so he was on the right track, but I'm not aware of – but I haven't been here in five years. I've been in Oklahoma. So I'm not aware of anybody who's been doing that properly.
> There is a licensing board for neuro biofeedback and biofeedback in this country and they hold seminars on training. They're like five and ten days, very concentrated training programs that are prescheduled and you have to register for them.

However, Dr. Kragh did *not* testify that plaintiff's biofeedback treatments were medically necessary and plaintiff presents no evidence that a medical provider recommended or prescribed biofeedback treatment for plaintiff.

The parties agree that Oklahoma law governs the treatment of Medicare writeoffs because (1) plaintiff's insurance policy was entered into in Oklahoma and (2) the policy specifically provides that Oklahoma law applies. The parties also agree that there are no Oklahoma Supreme Court or Court of Appeals decisions addressing the specific issue concerning the treatment of Medicaid writeoffs. Both parties cite non-binding decisions from other jurisdictions to support their arguments.

Having considered the various cases cited by the parties, the court adopts the reasoning and rulings by Judge Waxse in Wildermuth v. Staton, Case No. 01-2418-CM, 2002 WL 922137 (D. Kan. April 29, 2002). Judge Waxse held that the collateral source doctrine was not applicable because Medicare writeoffs "were not something that plaintiff was personally responsible for obtaining or individually bargained for; rather, the writeoffs were required by operation of federal law." Id. Additionally, Judge Waxse concluded that the collateral source rule does not apply because a Medicare writeoff is not a benefit *paid* by a collateral source.

In addition to the Wildermuth analysis, the collateral source doctrine is not even applicable because of the nature of this case—a *contract* case for uninsured motorist insurance benefits. The collateral source doctrine in Oklahoma provides: "the receipt of compensation by the injured party from a collateral source wholly independent of the *wrongdoer* would not operate to lessen the damages recoverable *from the person causing the injury*." Denco Bus Lines v. Hargis, 204 Okla. 339, 229 P. 2d 560, 564 (1951)(emphasis

added).³  The concept behind the collateral source doctrine is simple:  if a windfall exists because of benefits paid by an independent source, the windfall should go to the injured party rather than the ***tortfeasor.***  See, e.g., Bates v. Hogg, 22 Kan. App. 2d 702, 921 P.2d 249, rev. denied 260 Kan. 991 (1996), *superseded on other grounds by statute.*

However, as noted above, this is a contract action against defendant for uninsured motorist benefits and GEICO is ***not*** a tortfeasor.  Allowing plaintiff to present evidence and recover damages in a ***contract*** action for charges that plaintiff was never obligated to pay (and the healthcare provider was not allowed to collect) is a windfall that is not contemplated by the collateral source doctrine.  Although the Oklahoma Supreme Court has not directly addressed the Medicare writeoff issue, it has addressed the issue of a "windfall" in the context of uninsured motorist coverage:

> The purpose of UM coverage in a policy of automobile insurance is to protect the insured from the effects of personal injury resulting from an accident with another motorist who carries no insurance or is underinsured.  It is a carrier's direct promise to the insured to pay indemnity for a specified loss.  One of the effects of personal injury from an accident is the loss a patient may suffer as a result of the obligation to pay accident-related medical expenses.  ***UM coverage is not supposed to be a windfall to the injured party.***

Broadway Clinic v. Liberty Mutual Ins. Co., 139 P. 3d 873, 877 (Okla. 2006)(Emphasis added, footnotes omitted).  Because Oklahoma disapproves of a windfall to the injured party in the context of UM coverage, defendant's motion in limine shall be GRANTED.  Plaintiff is prohibited from discussing or presenting the "total bill" for medical expenses in the

---

³ The general rule in Kansas is similar to Oklahoma law.

presence of the jury. The claimed medical expenses shall not include amounts written off because of Medicare.

**IT IS THEREFORE ORDERED** that defendant's motion in limine (**Doc. 41**) is **GRANTED**, consistent with the rulings expressed herein.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 9th day of April 2010.

          S/ Karen M. Humphreys
          _____
          KAREN M. HUMPHREYS
          United States Magistrate Judge