## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DON R. WHITFILL, )
 )
        Plaintiff, )
 )
v. ) Case No. 09-1063-KMH
 )
GOVERNMENT EMPLOYEE )
INSURANCE COMPANY, )
 )
        Defendant, )
 )
 )

## MEMORANDUM AND ORDER

The court granted defendant's motion in limine in a Memorandum and Order filed April 9, 2010. (Doc. 44). This matter is before the court on plaintiff's motion to reconsider. (Doc. 45). Specifically, plaintiff asks that the court reconsider its ruling that "Medicare writeoffs" are excluded from plaintiff's claimed medical expenses.[1] As explained in greater detail below, the motion to reconsider shall be DENIED.

As previously noted, the parties agree that Oklahoma law governs the insurance contract giving rise to plaintiff's claim for "underinsured" insurance benefits and there is no controlling Oklahoma appellate decision directly addressing the issue of Medicare writeoffs

---

[1] Oddly, plaintiff was unable to specify the total amount of his claimed medical expenses at the in limine conference and neither party was able to specify the amount of the "Medicare writeoff" in controversy.

in the context of underinsured insurance benefits. In moving for reconsideration, plaintiff cites <u>Simpson v. Saks Fifth Avenue, Inc.</u>, Case No. 07-CV-0157-CVE-PJC, 2008 U.S. Dist. Lexis 60480 (N.D. Okla. 2008). In <u>Simpson</u>, the Honorable Claire V. Eagan similarly observed that Oklahoma courts have not addressed the issue of Medicare writeoffs and, after considering decisions from other jurisdictions, predicted that the Oklahoma Supreme Court would apply the collateral source rule to bar the admission of Medicare writeoffs to reduce plaintiff's damages.

This court does not find <u>Simpson</u> persuasive. First, the analysis was based, in part, on <u>Rose v. Via Christi Health System, Inc.</u>, 276 Kan. 539, 78 P. 3d 798 (2003)(treating Medicare the same as privately obtained health insurance and applying the collateral source rule). However, the Kansas Supreme Court modified its opinion on rehearing and expressly held that the issue of whether Medicare writeoffs was a collateral source was ***not*** resolved in <u>Rose.</u> <u>Rose v. Via Christi Health Systems, Inc.</u>, 279 Kan. 523, 113 P. 3d 231, 248 (2005). Equally important, <u>Simpson</u> was a tort case and the matter before this court is a contract case concerning underinsured motorist benefits. "[T]he collateral source rule, which finds its genesis in tort law, is inapplicable to claims made by an insured under his or her UM policy." <u>Heritage Mutual Insurance Co. v. Graser</u>, 647 N.W. 2d 385, 386 (Wis. App. 2002). Accordingly, plaintiff's motion for reconsideration shall be DENIED.

**IT IS THEREFORE ORDERED** that plaintiff's motion for reconsideration (Doc. 45) is **DENIED.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 13th day of April 2010.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge